ams/iw
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRETT A. PENNINGTON, as natural guardian, )
next friend, and father of minor A.L.P. )
                                                                       )
                Plaintiff, )
  v. )
                                                             )   Case No. 10-1110-JAR
                                                             )
RAZOR USA, LLC, )
                                                             )
                Defendant. )
_____)

## **MEMORANDUM AND ORDER**

Before the Court is defendant Razor USA, LLC's Motion to Dismiss Counts III and VI of Plaintiff's Complaint (Doc. 4). The motion argues that plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6) for an award of punitive damages. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies defendant's motion.

**I.**     **Background**

Plaintiff brings this action against defendant to recover damages sustained by his daughter while riding a razor scooter. Plaintiff alleges that defendant was involved in the design, manufacture, and marketing of the scooter and brings several claims against defendant, including a claim of gross and wanton negligence (Count III) and a claim for punitive damages (Count VI).

The following facts are alleged in plaintiff's Complaint and taken in the light most favorable to plaintiff. On April 27, 2008, ALP, who was eleven years old, was riding a scooter manufactured and designed by defendant in the normal manner and operation contemplated by defendant when it began to tip. ALP instinctively put her left foot down to stabilize the unit, at

which point the unit lacerated the back of ALP's left foot above the heel, causing significant bodily injury. Defendant knew, or in the exercise of ordinary care, should have known, the means of manufacturing the scooter in an appropriate manner so that when it is used in the normal manner, it would not lacerate the user's Achilles' tendon as it did in this case. Plaintiff alleges in paragraph 23 of the Complaint:

> Each of the above and foregoing acts or omissions of Defendant was more than momentary thoughtlessness, inadvertence, negligence or error of judgment. Such acts or omissions constituted an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of Plaintiff and persons affected by it and such action or inaction constituted gross negligence.

And in paragraph 36 of the Complaint, plaintiff alleges:

> Defendant's negligence, as set out above, was of such character to make the Defendant guilty of gross negligence. Defendant's actions or inactions constitute heedless, reckless, wanton disregard and conscious indifference to the rights, welfare and safety of the Plaintiff and other foreseeable users of the scooter, for which Defendant is liable to Plaintiff for exemplary or punitive damages.

## II. Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[1] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[4] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[5] *Id.*

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* (citing *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

[9] *Id.* at 1950.

[10] *Id.*

misconduct alleged."[11]

Fed. R. Civ. P. 9(g) provides, "If an item of special damages is claimed, it must be specifically stated." "Rule 9(g) is the only applicable rule governing the pleading of a claim for punitive damages."[12] Plaintiff "must, at a minimum, allege the circumstances upon which the punitive damages claim is made."[13]

**III.    Discussion**

Under Kansas law, a plaintiff may recover punitive damages as a result of gross or wanton negligence.[14] "Wanton conduct is an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act."[15] Plaintiff states in the Complaint that the underlying basis for request for punitive damages is the gross negligence claim. Plaintiff also asserts that defendant acted with "wanton disregard and conscious indifference to the rights, welfare and safety of the Plaintiff and other foreseeable users of the scooter . . . ." Plaintiff alleges that defendant knew of design flaws with the scooter and was aware that a person "engaging in the normal operation of the scooter would place his or her foot down to stabilize the unit." This is a factual allegation, not a legal conclusion, which could support a finding that defendant realized the danger of its design, yet

---

[11]*Id.* at 1949.

[12]*Hilyard v. Olsen*, No. 91-1069, 1991 WL 268840, at *1 (D. Kan. Nov. 6, 1991) (citing *Comeau v. Rupp*, 762 F. Supp. 1434, 1449 (D. Kan. 1991)).

[13]*Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08-2027-JWL-DJW, 08-2191-KHV-DJW, 2009 WL 1635894, at *8 (D. Kan. June 11, 2009).

[14]*See Reed v. Reed-Prentice Div. of Package Mach. Co.*, 131 F.R.D. 591, 592 (D. Kan. 1990) (citations omitted).

[15]*Adamson v. Bicknell*, 207 P.3d 265, 271 (Kan. Ct. App. 2009) (citing *Reeves v. Carlson*, 266 Kan. 310, 313 (1998)).

disregarded it.  If the Court assumes plaintiff's factual allegations to be true, a jury could reasonably find that defendant was guilty of gross negligence.  Plaintiff has provided enough factual details to satisfy the pleading requirements set forth by Rule 9(g).  The Court also declines to strike or dismiss "Count VI" on the sole basis that it is set forth as a separate count.  The context of the Complaint makes clear that punitive damages are sought solely as a result of plaintiff's gross negligence and not as some independent claim.  The Court declines to elevate form over substance in this manner.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss Counts III and VI of Plaintiff's Complaint  (Doc. 4) is **denied**.

**IT IS SO ORDERED.**

Dated: August 30, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE